IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 03-00179 HG-02 |
| | ) | CR. No. 05-00490 HG-03 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBERT KUPAHU, also known as | ) | |
| Rob Kupahu, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE(S) UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 543 in 03-cr-00179 HG-02 and ECF No. 345 in 05-cr-00490 HG-03)**

Defendant Kupahu is currently incarcerated at the United States Penitentiary Lompoc in California with a projected release date of August 28, 2028.

Defendant has filed a Motion seeking immediate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Defendant seeks release due to the COVID-19 pandemic.

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

Defendant's MOTION TO REDUCE SENTENCE(S) UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 543 in 03-cr-00179 HG-02 and ECF No. 345 in 05-cr-00490 HG-03) is **DENIED.**

**STANDARD OF REVIEW**

A judgment of conviction that includes a sentence of

1

imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances.  <u>Dillon v. United States</u>, 560 U.S. 817, 824-25 (2010).

On December 21, 2018, Congress passed the First Step Act of 2018.  PL 115-391, December 21, 2018, 132 Stat. 5194.  The First Step Act amended 18 U.S.C. § 3582(c), the statute governing the limited circumstances under which the trial court may evaluate a motion for reduction of sentence.

The First Step Act altered the statute in Section 3582(c)(1)(A) to allow a defendant to request the trial court reduce his sentence through a motion for compassionate release, but the statute requires the defendant to first present his request for release to the Bureau of Prisons.  18 U.S.C. § 3582(c)(1)(A).

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment...after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i)  extraordinary and compelling reasons warrant such a reduction;
>
> ...
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

## SECTION 3582(c)(1)(A) AS AMENDED BY THE FIRST STEP ACT

### A.   Mandatory Procedural Requirement

The statute allows the Court to consider a defendant's request for compassionate release only after the defendant has first presented his request to the Bureau of Prisons ("BOP").   18 U.S.C. § 3582(c)(1)(A); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

The Parties agree that Defendant has complied with the procedural requirement of 18 U.S.C. § 3582(c)(1)(A) and that the Court may consider the motion for compassionate release.

### B.   Merits Of Defendant's Request For Compassionate Release

If a defendant has complied with the mandatory procedural requirement set forth in 18 U.S.C. § 3582(c)(1)(A), the District Court may reduce a term of imprisonment, including the grant of compassionate release, upon finding "extraordinary and compelling reasons" consistent with applicable policy statements of the Sentencing Commission.

The Sentencing Commission's policy statement is provided in United States Sentencing Guidelines § 1B1.13:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the

court determines that—

      (1)(A)      Extraordinary and compelling reasons warrant the reduction; or

        (B)      The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

      (2)      The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

      (3)      The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

If Defendant is not 70 years of age and was not sentenced pursuant to 18 U.S.C. § 3559(c), Defendant is only entitled to relief if he demonstrates:

      (1)  extraordinary and compelling reasons warrant a sentence reduction;

      (2)  he is not a danger to the safety of others or the community; and,

      (3)  any requested reduction is consistent with the policy statement.

United States v. Gill, 2020 WL 2084810, *2 (E.D. Cal. Apr. 30, 2020).

## C.  **Extraordinary And Compelling Reasons**

The Sentencing Commission's Commentary Application Notes for Guideline § 1B1.13 provides the definition of "extraordinary and compelling reasons."  The Court agrees with the majority of the

4

district courts in the Ninth Circuit that have concluded that Section 1B1.13 and its definition of "extraordinary and compelling reasons" applies to motions for compassionate release even though the sentencing guideline was not separately amended following the passage of the First Step Act.  See Riley v. United States, 2020 WL 1819838, *8 (W.D. Wash. Apr. 10, 2020) (collecting cases); United States v. Shields, 2019 WL 2359231, *4 (N.D. Cal. June 4, 2019).

Sentencing Guideline Section 1B1.13's Commentary Application Notes explain that extraordinary and compelling reasons exist when:

(A)  **Medical Condition of the Defendant.**-

(i)  The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory).  A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I)      suffering from a serious physical or medical condition,

(II)     suffering from a serious functional or cognitive impairment, or

(III)    experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) **Age of the Defendant.**–The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) **Family Circumstances.**–
   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) **Other Reasons.**–As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

The Court has the discretion to determine whether other extraordinary and compelling reasons exist, as stated in paragraph (D), when ruling on motions for compassionate release. United States v. Brooker, 976 F.3d 228, 237-38 (2d Cir. 2020); United States v. Hernandez, 2020 WL 3453839, at *4 (D. Haw. June 24, 2020).

## PROCEDURAL HISTORY

## I.   PROCEDURAL HISTORY OF DEFENDANT'S FEDERAL DRUG CONVICTION IN 03-CR-00179 HG-02

On April 9, 2003, the grand jury returned an Indictment charging Defendant Kupahu and nine co-defendants with crimes relating to the distribution of methamphetamine in Hawaii.

(<u>United States v. Robert Kupahu</u>, Crim No. 03-00179 HG-02, ECF No. 28).

Defendant was charged in Count 1 of the Indictment as follows:

> From a time unknown but by in or about July 2002 and continuing to and including March 12, 2003, in the District of Hawaii, Defendant and nine co-conspirators conspired with each other to unlawfully distribute and possess with intent to distribute in excess of 50 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846.

> (<u>Id.</u>)

On October 27, 2003, Defendant pled guilty to Count 1 in the Indictment pursuant to a plea agreement. (ECF Nos. 217, 218, 219, 227).

At Defendant's sentencing on May 4, 2004, Defendant Kupahu was in Criminal History Category VI, the highest criminal history category possible. (Presentence Report at ¶ 63, ECF No. 288). Defendant's total offense level was 31 and he had a total recommended sentence of 188 to 235 months. (<u>Id.</u>) Defendant was sentenced to 204 months imprisonment and 5 years of supervised release. (ECF No. 278).

On April 29, 2005, Defendant filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255. (ECF No. 335).

On August 11, 2005, the Court denied the Section 2255 Petition. (ECF No. 343).

On August 13, 2015, Defendant's sentence was subsequently lowered to 164 months imprisonment pursuant to a change in the

drug quantity sentencing guidelines.  (ECF No. 489).

## II.  PROCEDURAL HISTORY OF DEFENDANT'S CONSPIRACY TO DISTRIBUTE DRUGS IN PRISON IN 05-CR-00490 HG-03

On October 12, 2006, the grand jury returned a Third Superseding Indictment charging Defendant and three co-conspirators, as follows:

**Count 1:**  Conspiracy to Distribute and to possess with Intent to Distribute Methamphetamine and Marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1);

**Count 2:**  From a time unknown up through and including August and September 2005, the defendants and others did unlawfully, willfully, and knowingly conspire to commit an offense against the United States, to wit: to provide an inmate of a prison controlled substances and drug paraphernalia in violation of 18 U.S.C. § 1791;

**Count 3:**  On or about August 2005, up to and including September 2005, the defendant, an inmate in the Federal Detention Center in Honolulu, did possess controlled substances and drug paraphernalia in violation of 18 U.S.C. § 1791(a)(2), (d), and (2).

(United States v. Robert Kupahu, 05-cr-00490 HG-03 Third Superseding Indictment, ECF No. 148).

On December 13, 2006, the Government filed a Special Information as to Prior Drug Conviction Pursuant to Title 21, United States Code, Section 851.  (ECF No. 167).

On January 4, 2007, Defendant Kupahu pled guilty pursuant to a plea agreement to Counts 2 and 3 of the Superseding Indictment. (ECF Nos. 208, 209, 210, 211, 223, 226).

At his sentencing on May 17, 2007, Defendant Kupahu was found to be in Criminal History Category VI with a total offense level of 28 for a guideline range of 140 to 175 months imprisonment.  (Presentence Report at ¶ 71, ECF No. 268). Defendant was sentenced to 60 months imprisonment as to Count 2 and 175 months imprisonment as to Count 3, to be served concurrently with each other and consecutively to the sentence being served in Criminal No. 03-cr-179HG-02.  (Judgment, ECF No. 264).

On June 4, 2007, Defendant filed a Notice of Appeal with the Ninth Circuit Court of Appeals.  (ECF No. 274).

On March 5, 2009, the Ninth Circuit Court of Appeals affirmed the District Court's Judgment.  (ECF No. 313).

On March 27, 2009, the Ninth Circuit Court of Appeals issued the mandate affirming the District Court.  (ECF No. 314).

On March 9, 2010, Defendant Kupahu filed a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255.  (ECF No. 316).

On August 31, 2010, the District Court issued an Order Denying Defendant's Section 2255 Motion.  (ECF No. 335).

On November 4, 2010, Defendant filed an appeal of the Order Denying his Section 2255 Motion to the Ninth Circuit Court of Appeals.  (ECF No. 338).

On September 12, 2011, the Ninth Circuit Court of Appeals issued an Order denying Defendant's request for a certificate of

appealability.   (ECF No. 342).

**DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

On July 28, 2020, Defendant Kupahu, proceeding pro se, filed a Motion for Compassionate Release in both 03-cr-00179 HG-02 (ECF No. 543) and 05-cr-00490 HG-03 (ECF No. 345).

On July 29, 2020, the Court appointed the Federal Public Defender's Office to assist Defendant in seeking compassionate release.   (03-cr-00179 HG-02, ECF No. 547; 05-cr-00490 HG-03, ECF No. 349).

On August 14, 2020, Assistant Federal Public Defender ("AFPD") Sharron Rancourt informed the Court that she had been unable to contact Defendant.   (03-cr-00179 HG-02, ECF No. 548; 05-cr-00490 HG-03, ECF No. 350).

On August 18, 2020, AFPD Rancourt sent a letter indicating that she believed Defendant wished to proceed pro se.   (03-cr-00179 HG-02, ECF Nos. 549; 05-cr-00490 HG-03, ECF No. 351).

Also On August 18, 2020, the Court issued a Minute Order instructing AFPD Rancourt to serve her client with a copy of the letters and to file a Motion to Withdraw as Counsel if necessary. (03-cr-00179 HG-02, ECF Nos. 550; 05-cr-00490 HG-03, ECF No. 352).

On the same date, the Court received a Supplemental Exhibit from Defendant Kupahu, proceeding pro se, in support of his Motion for Compassionate Release.   (03-cr-00179 HG-02, ECF No.

10

551; 05-cr-00490 HG-03, ECF No. 353).

On August 19, 2020, the AFPD filed a Motion to Withdraw as Counsel.  (03-cr-00179 HG-02, ECF No. 552; 05-cr-00490 HG-03, ECF No. 354).

On August 27, 2020, the Government filed its Opposition to Defendant's Motion for Compassionate Release.  (03-cr-00179 HG-02, ECF No. 553; 05-cr-00490 HG-03, ECF No. 355).

On August 28, 2020, the Court issued a Minute Order instructing Defendant Kupahu to inform the Court as to whether he wished to proceed pro se.  (03-cr-00179 HG-02, ECF No. 555; 05-cr-00490 HG-03, ECF No. 357).

On September 10, 2020, Defendant Kupahu filed a letter stating that he wished to proceed pro se in seeking compassionate release.  (03-cr-00179 HG-02, ECF No. 560; 05-cr-00490 HG-03, ECF No. 362).

On September 11, 2020, the Court issued a Minute Order granting AFPD Rancourt's Motion to Withdraw and granting an extension of the briefing schedule to allow for additional briefing on Defendant's Motion for Compassionate Release.  (03-cr-00179 HG-02, ECF No. 561; 05-cr-00490 HG-03, ECF No. 363).

On October 13, 2020, Defendant filed his Reply in support of his Motion for Compassionate Release.  (03-cr-00179 HG-02, ECF No. 562; 05-cr-00490 HG-03, ECF No. 364).

On October 19, 2020, the Government filed its Sur-Reply. (03-cr-00179 HG-02, ECF No. 563; 05-cr-00490 HG-03, ECF No. 365).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## ANALYSIS

Defendant Kupahu is 45 years old.  Defendant is currently incarcerated at the United States Penitentiary Lompoc in California.  Defendant bears the burden to demonstrate that extraordinary and compelling reasons exist that warrant his immediate release from incarceration.  United States v. Greenhut, 2020 WL 509385, *1 (C.D. Cal. Jan. 31, 2020).

A defendant's general concerns about potential exposure to COVID-19 while incarcerated do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence. United States v. Eberhart, 448 F.Supp.3d 1086, 1089-90 (N.D. Cal. Mar. 25, 2020); United States v. Carver,   F.Supp.3d   , 2020 WL 1892340, *3 (E.D. Wash. Apr. 8, 2020).

The Centers for Disease Control ("CDC") has identified certain categories of individuals that are at a higher risk for severe illness due to COVID-19.  The list includes people with conditions such as: chronic lung disease, moderate or serious asthma, serious heart conditions, obesity, chronic kidney disease requiring dialysis, liver disease, diabetes, or individuals with a history or smoking or who are immunocompromised.  See United States v. Jones, Crim. No. 13-00860 LEK-03, 2020 WL 2331678, *5 (D. Haw. May 11, 2020).

I.    **Medical Condition**

   A.    **Current Centers For Disease Control Standards And Defendant's Medical Concerns**

   Defendant Kupahu is 45 years old.  He alleges that he has been a smoker since childhood.  Defendant claims that his history of smoking renders him susceptible to suffer complications if he contracted COVID-19.

   B.    **Medical Conclusion**

   The CDC recognizes that the risk of developing severe illness from COVID-19 increases with age.  Those 65 years of age or older are at increased risk and those 85 years and older at the greatest risk.  (https://www.cdc.gov/coronavirus2019-ncov/need-extra-precautions/older-adults.html, last visited 12/8/20).  Defendant is 45 years old and his age does not place him in a category that would constitute an extraordinary and compelling reason for compassionate release.

   According to Defendant's Presentence Report filed in 2007, Defendant has used marijuana, cocaine, and methamphetamine since he was 9 years old.  (Presentence Report in 05-cr-00490 HG-03 at ¶ 61, ECF No. 268).

   Defendant's Bureau of Prisons ("BOP") medical records reflect that Defendant has no history of suffering from any disease or continuing impairment and has received appropriate medical care for any medical issue that has arisen.  (Def.'s BOP

Medical Records, attached as Ex. A to Gov't Opp. in 05-cr-00490 HG-03, at pp. 9-32, ECF No. 359).

The Court recognizes that the CDC lists persons with a history of smoking as a category of individuals who are at an increased risk of severe illness from COVID-19.  (CDC Coronavirus Disease 2019 (COVID-19) Website, at "People with Medical Conditions," available at https://www.cdc.gov/coronavirus/2019 -ncov/need-extra-precautions/people-with-medical-conditions.html? CDC AA refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov %2Fneed-extra-precautions%2Fgroups-at-higher-risk.html, last visited 12/8/2020).  The Court finds that a history of smoking alone is insufficient to establish extraordinary and compelling reasons for compassionate release.

Defendant is able to provide self-care in his daily living and does not require any assist devices.  Defendant has maintained numerous work assignments and undergone numerous educational programs throughout his term of imprisonment and there are no signs that his health has interfered.  (See Ex. 2 to Def.'s Motion in 05-cr-00490 HG-03, ECF No. 345-2).

Defendant has been able to represent himself in numerous proceedings while incarcerated.  Defendant filed appeals to the Ninth Circuit Court of Appeals, numerous Motions, and multiple Section 2255 Habeas Petitions.  Defendant has filed the instant Motion for Compassionate Release and chose to proceed without the assistance of counsel.  There is no evidence that Defendant's

14

history of smoking has impacted his ability to provide self care and to advocate for his own interests such that he should receive compassionate release.

## II.  Section 3553(a) Factors And Defendant's History and Characteristics

### A.   History and Characteristics

In order to be eligible for compassionate release, Defendant must establish release is appropriate pursuant to the factors set forth in 18 U.S.C. § 3553(a) and that he is not a danger to the safety of others or the community.  18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(2).

The Section 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed.

Defendant Kupahu has an extensive criminal history dating back to 1996.  (Presentence Report in 05-cr-00490 HG-03 at ¶ 41, ECF No. 268).  Defendant has convictions for Attempted Theft, Theft, Unauthorized Entry into a Motor Vehicle, and Terroristic Threatening.  (Id. at ¶¶ 41-45).

Defendant claims in his Motion and his Reply that he is a non-violent offender.  A review of Defendant's Presentence Reports demonstrates that Defendant has a history of violence. On March 30, 2003, Defendant, his father, his brother, and another male assaulted a bystander who witnessed the Defendant's

father abuse and kill a dog on the beach fronting Waimanalo Beach Park. (Presentence Report in 05-cr-00490 HG-03 at ¶ 47, ECF No. 268). Defendant represented to the arresting officer that he was trained as an "ultimate fighter." (Id.) Defendant was convicted by a jury of Assault in the First Degree on March 5, 2004, and he was sentenced to 10 years imprisonment. (Id.)

As for the crimes for which this Court sentenced Defendant Kupahu, the records reflect that Defendant was involved in large conspiracies to distribute methamphetamine in Hawaii. Defendant's 2004 federal drug conviction in Criminal Number 03-00179 HG-02 involved trafficking significant quantities of methamphetamine while Defendant was a member of a criminal enterprise. (Presentence Report in 03-cr-00179 HG-02 at ¶¶ 11-14, ECF No. 288).

Following his arrest, Defendant "informed investigators that he was 'unstable' and would not hesitate to use physical violence or weapons to steal money and drugs from others." (Presentence Report in 03-cr-00179 HG-02 at ¶ 14, ECF No. 288). Defendant Kupahu admitted that he possessed a shotgun during the drug trafficking conspiracy and "planned to use the shotgun to 'rob' other drug dealers." (Id.)

For his offense, Defendant was in Criminal History Category VI and was sentenced to 204 months imprisonment, which was reduced based on a change in the drug quantity sentencing guidelines to 164 months imprisonment. (03-cr-00179 HG-02, ECF

No. 489).

While serving time for his conviction for the drug trafficking offense in Criminal No. 03-00479 HG-02, Defendant engaged in a conspiracy to smuggle drugs into the federal prison in Honolulu. Defendant was charged in Criminal No. 05-00490 HG-02, because Defendant Kupahu directed his spouse to purchase methamphetamine from his brother and directed the transfer of those drugs into the Federal Detention Center Honolulu for both personal use and distribution to other inmates between August and September 2005. (Presentence Report in 05-cr-00490 HG-02 at ¶ 17, ECF No. 268). At Defendant's direction, another inmate contacted his mother and directed her to send quantities of marijuana and cash to Defendant Kupahu's spouse. (Id. at ¶ 18). Defendant then directed his spouse to contact a FDC Correctional Officer and deliver drugs and paraphernalia to him, and that Correctional Officer brought the drugs into the FDC and delivered them to Defendant Kupahu. (Id. at ¶ 19).

For this offense in 05-cr-00490 HG-02, Defendant again was in Criminal History Category VI. He received a 4-level increase pursuant to U.S.S.G. § 3B1.1(a) for being an organizer or leader of a criminal activity involving 5 or more participants. (Presentence Report in 05-cr-00490 HG-02 at ¶ 32, ECF No. 268). Defendant was sentenced to 60 months imprisonment, the mandatory maximum, for Count 2 for Conspiracy to Provide an Inmate of a Prison with Prohibited Objects. (Judgment in 05-cr-00490 HG-02

at p. 3, ECF No. 264).  Defendant was sentenced to 175 months imprisonment for Count 3 for Possession of Prohibited Objects While Being an Inmate.  (Id.)  The sentences in 05-cr-00490 HG-02 were ordered to be served concurrently to each other but consecutively to the sentence imposed in Criminal No. 03-cr-00179 HG-02.  (Id.)

**SUBSEQUENT TO THE CONVICTIONS IN THE TWO CASES FOR WHICH THIS COURT SENTENCED DEFENDANT, DEFENDANT KUPAHU WAS CONVICTED OF DESTRUCTION OF GOVERNMENT PROPERTY IN UNITED STATES v. ROBERT KUPAHU, 06-cr-00467 SOM-02**

Subsequent to the two convictions for which this Court sentenced Defendant Kupahu, the Defendant was convicted in United States v. Kupahu, 06-cr-00467 SOM-02 for Destruction of Government Property in violation of 18 U.S.C. § 1361, and § 2. The Presentence Report in 06-cr-00467 SOM-02 reflects that Defendant and two others destroyed a recreational cage at the Federal Detention Center in Honolulu.  (Presentence Report in 06-cr-00467 SOM-02 at ¶¶ 6-9, ECF No. 242).  Following a jury trial, Defendant was sentenced to 12 months imprisonment to be served consecutively to his sentences in 03-cr-00179 HG-02 and 05-cr-00490 HG-03  (Judgment in 06-cr-00467 SOM-02, ECF No. 247).

The Court does not reach the question of the reduction of the 12 month sentence imposed in 06-cr-00467 SOM-02 that is to be served consecutively to the two cases that are referenced in this Order.

18

**B.    Portion Of Sentence Served**

A review of the caselaw demonstrates that the portion of the sentence already served by the defendant is a necessary factor for the Court to consider in evaluating compassionate release. United States v. Connell,    F.Supp.3d.    , 2020 WL 2315858, at *6 (N.D. Cal. May 8, 2020).  The amount of time served of his originally imposed sentence must be considered pursuant to Section 3553(a) to ensure that the amount of time adequately reflects the seriousness of the offense, deters criminal conduct, and protects the public.  United States v. Barber, 466 F.Supp.3d 1127, *5 n.9 (D. Ore. 2020).

Defendant served 164 months imprisonment for his drug trafficking conviction in Criminal No. 03-cr-00179 HG-02, and is currently serving a consecutive sentence of 175 months imprisonment for conspiring to smuggle drugs into prison in 05-cr-00490 HG-02.  Defendant Kupahu faces an additional 12 months consecutive to these charges for his conviction for destroying government property in 06-cr-00467 SOM-02.  Defendant has more than seven years remaining on his sentences.  Defendant's projected release date is September 28, 2028.

**C.    Appropriateness of Immediate Release**

The Court finds that the nature and circumstances of Defendant's offense weigh in favor of the sentences received in 03-cr-00179 HG-02 and 05-cr-00490 HG-03.

19

Defendant is in Criminal History Category VI, the highest possible category.

For Defendant's 2004 felony drug conviction, Defendant participated in a conspiracy to distribute large quantities of methamphetamine in Hawaii.  Defendant's conspiracy involved weapons and threats of violence.

Following Defendant's conviction, in 2005, Defendant participated in a second conspiracy to smuggle drugs and contraband into the Federal Detention Center Honolulu that involved multiple family members.  Defendant received an increase in his sentencing guidelines because he was found to be a leader or organizer of more than five individuals.

Defendant's history and characteristics do not favor a reduced sentence.  Defendant has a serious, lengthy criminal history.  Defendant's history spans decades and includes convictions for Theft, Terroristic Threatening, and Assault in the First Degree.

A review of Defendant's record while incarcerated demonstrates that Defendant has continued to violate the law. Defendant was convicted in federal court for Destroying Government Property in 2008.  Defendant's Inmate Discipline Data shows that Defendant has been sanctioned for serious disciplinary infractions, including refusing to obey orders, possessing drugs and alcohol, and using martial arts/boxing.  (Inmate Discipline Data for Defendant, attached as Ex. B to Gov't Opp in 05-cr-

20

00490HG-03, ECF No. 355-1).  There are no reported incidents since 2017, but his serious criminal record indicates that Defendant Kupahu poses a danger to the safety of others and the community.

Defendant has more than seven years remaining on his sentences.  The factors in Section 3553(a) do not support the immediate release of the Defendant.

## III. Summary Of Medical Conclusion And Section 3553(a) Factors

Defendant has not established a basis for compassionate release based on his history of smoking and drug use.  The record does not demonstrate that Defendant Kupahu is suffering from a terminal health condition or a condition that substantially interferes with his ability to provide self-care while incarcerated.  The record demonstrates that Defendant has received and continues to receive appropriate medical care by the Bureau of Prisons.

Defendant poses a danger to the safety of others and the community.  Defendant has a serious criminal history and is in Category VI.  He also has a history of violence and has continued to commit crimes and serious disciplinary infractions while incarcerated.  Defendant has not established that his immediate release is warranted pursuant to the Section 3553(a) factors.

## **CONCLUSION**

Defendant's MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 543 in 03-cr-00179 HG-02 and ECF No. 345 in 05-cr-00490 HG-03) is **DENIED.**

IT IS SO ORDERED.

Dated: December 9, 2020, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

United States v. Robert Kupahu, also known as Rob Kupahu, Crim. No. 03-00179 HG-02; Crim. No. 05-00490 HG-03; **ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE(S) UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 543 in 03-cr-00179 HG-02 and ECF No. 345 in 05-cr-00490 HG-03)**